Myrtle C. Lenney, Transferee, Incompetent, D. J. La Polla, Guardian v. Commissioner. George F. Wise, Transferee v. Commissioner. Myrtle C. Lenney, Transferee, Incompetent, D. J. La Polla, Guardian v. Commissioner.
Lenney v. Commissioner
Docket Nos. 64899, 64919, 66663.
United States Tax Court
T.C. Memo 1958-170; 1958 Tax Ct. Memo LEXIS 53; 17 T.C.M. (CCH) 850; T.C.M. (RIA) 58170; September 18, 1958
*53 Held, where transfers were made to petitioners without consideration by a delinquent taxpayer, as a part of a plan to hinder and defeat the collection of his delinquent tax, petitioners are liable as transferees to the extent of the transfers to each. George D. Lewis, Esq., and D. J. La Polla, Esq., 155 Pine N.E., Warren, Ohio., for the petitioners. William O. Allen, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined transferee liabilities for petitioners, and by affirmative pleadings increased his claim, as follows: Docket
As Originally
As Claimed by
No.
Determined
Respondent
64899
$37,386.90
$39,619.88
64919
14,706.96
16,206.96
66663
1,800.79
2,683.05
The questions presented are whether the petitioners are liable as the transferees of assets of Clarence B. Lenney and the Phoenix Improvement Company. Findings of Fact Some of the facts were stipulated and they are found accordingly. There is due and owing from Clarence B. Lenney income taxes, fraud penalties, additions to tax and assessed interest as follows: Year
Amount
1942
$14,710.65
1943
2,531.00
1944
2,683.00
1945
7,827.00
1952 Original
8,468.54
1952 Additional
2,232.98
$38,453.17
*54 The deficiencies for the years 1942 through 1945, respectively, arose as the result of the case of Clarence B. Lenney, Docket No. 33109, which was settled by stipulation of the parties, the Tax Court's order and decision having been entered on February 25, 1953. The original deficiency for the year 1952 arose from the failure of Clarence B. Lenney to pay the income tax shown to be due on the income tax return filed by him for the year 1952. The additional deficiency for the year 1952 arose as the result of an additional assessment made by respondent subsequent to the filing of the petition and answer herein. Clarence B. Lenney died on January 31, 1956. His will was filed for probate in the Probate Court of Trumbull County, Ohio, on February 28, 1956, and the estate file shows that he had assets at the time of death of $9,125.92, and the claims filed against the estate were in the total sum of $46,460.30. Petitioner, Myrtle C. Lenney, the widow of Clarence B. Lenney, is an incompetent, having been declared incompetent by the Probate Court of Trumbull County, Ohio, October 8, 1956. She has, since that date, been confined in the Massillon State Hospital for the insane and she *55 was not qualified to testify. She appears here through her duly appointed guardian, D. J. La Polla. Some time early in 1952 a company in which Lenney had an interest was liquidated and Clarence B. Lenney received a large amount of cash. On February 21, 1952 he deposited $45,000 in a new bank account in his name in The Second National Bank of Warren, Warren, Ohio. Almost immediately thereafter Lenney embarked upon a program of concealing all of his assets with the intent of defeating the collection of his tax liabilities. This plan involved making transfers to his wife, Myrtle C. Lenney, and to a partnership called the Associated Engineering Company, hereinafter sometimes called the partnership, in which his wife and his nephew, George F. Wise, petitioner in Docket No. 64919, were equal partners. On February 25, 1952, Clarence B. Lenney drew a check on the account of C. B. Lenney payable to Myrtle C. Lenney in the amount of $5,000. The check was cashed by Myrtle C. Lenney. On March 21, 1952, Clarence B. Lenney purchased a cashier's check at The Second National Bank of Warren, which check was charged to the account of C. B. Lenney. The check was payable to "H. W. Davis" in the *56 amount of $32,000. The check was endorsed by "H. W. Davis" and was deposited with The Home Savings and Loan Company, Youngstown, Ohio. Clarence B. Lenney was also known as H. W. Davis. From March 24, 1952 until the date of his death he maintained a Running Stock Account in the name of "H. W. or Chrystina W. Davis" at The Home Savings and Loan Company, Youngstown, Ohio. On April 10, 1952 Clarence B. Lenney purchased a cashier's check at The Home Savings and Loan Company, which check was charged to the account of H. W. Davis. The check was payable to T. R. Wigglesworth Machinery Co. in the amount of $11,209.30, and constituted payment for machinery purchased from the T. R. Wigglesworth Machinery Company. The machinery was recorded on the books of the partnership as an asset and credited to Myrtle's account in an entry combining several items. On March 23, 1953 Clarence B. Lenney purchased a cashier's check at The Home Savings and Loan Company, which check was charged to the account of H. W. Davis. The check was payable to G. F. Wise in the amount of $3,400, and was endorsed by him. The capital account of George F. Wise on the books of Associated Engineering Company was subsequently *57 credited in the amount of $3,441.98. [1]
On December 22, 1953 Clarence B. Lenney purchased a cashier's check at The Home Savings and Loan Company, which check was charged to the account of H. W. Davis. The check was payable to T. R. Wigglesworth Machinery Company in the amount of $3,300, and constituted payment for machinery purchased from the T. R. Wigglesworth Machinery Company for the account of Associated Engineering Company. Although the machinery was received by Associated Engineering Company it was not recorded on its books. On January 19, 1954 Clarence B. Lenney purchased a cashier's check at The Home Savings and Loan Company, which check was charged to the account of H. W. Davis. The check was payable to T. R. Wigglesworth Machinery Company in the amount of $750, and constituted payment for machinery purchased from the T. R. Wigglesworth Machinery Company. Although the machinery was received by Associated Engineering Company, it was not recorded on its books. On March 11, 1954 Clarence B. Lenney purchased a cashier's check at The Home Savings *58 and Loan Company, which check was charged to the account of H. W. Davis. The check was payable to Associated Engineering Company in the amount of $3,000 and was endorsed by it. The transaction was originally recorded on the books of Associated Engineering Company as a credit to the capital account of George F. Wise. Subsequently this entry was reversed and the drawing account of Myrtle C. Lenney was credited in the amount of $3,000. On February 3, 1956 Myrtle C. Lenney, using the name of "Chrystina W. Davis", withdrew the balance in the account standing in the name of H. W. Davis, in the amount of $2,056.96. The withdrawal was made in the form of a cashier's check payable to "Chrystina W. Davis" and was endorsed by Myrtle C. Lenney as Chrystina W. Davis and by George F. Wise. The proceeds of the said cashier's check were received by Myrtle C. Lenney. Clarence B. Lenney was also known as Martin W. Gates. From November 10, 1949 until the date of his death he maintained a savings account at The Cortland Savings & Banking Company, Cortland, Ohio, in the name of "Martin W. Gates, 242 Kenilworth S.E., Warren, Ohio". On May 29, 1952 Clarence B. Lenney purchased a cashier's check at *59 The Cortland Savings & Banking Company, which check was charged to the account of Martin W. Gates. The check was payable to Associated Engineering Company in the amount of $7,000 and was endorsed "Associated Engineering Co. by C. B. Lenney". The transaction was recorded on the books of Associated Engineering Company by a credit of $7,000 to the capital account of Myrtle C. Lenney. On September 2, 1952 Clarence B. Lenney purchased a cashier's check at The Cortland Savings & Banking Company, which check was charged to the account of Martin W. Gates. The check was payable to "Martin W. Gates" in the amount of $1,200 and was endorsed "Martin W. Gates, Associated Engineering Co., C. B. Lenney". The transaction was recorded on the books of Associated Engineering Company by a credit to Myrtle C. Lenney's capital account. On January 17, 1953 Clarence B. Lenney purchased a cashier's check at The Cortland Savings & Banking Company, which check was charged to the account of Martin W. Gates. The check was payable to The Leiby Bros. Coal & Supply Co., Inc. of Warren, Ohio, in the amount of $443.45 and constituted payment for heating equipment and labor and other materials rendered to Associated *60 Engineering Company. Although Associated Engineering Company received the materials and services, no record of the transaction was made on its books. On May 19, 1954 Clarence B. Lenney purchased a cashier's check at The Cortland Savings & Banking Company, which check was charged to the account of Martin W. Gates. The check was payable to G. F. Wise in the amount of $3,000 and was endorsed by him. The transaction was originally recorded on the books of Associated Engineering Company as a credit to the capital account of George F. Wise. Subsequently this entry was scratched out and the item appears as a general capital account item. On August 7, 1954 Clarence B. Lenney purchased a cashier's check at The Cortland Savings & Banking Company, which check was charged to the account of Martin W. Gates. The check was payable to Herbert Haines in the amount of $900, and was endorsed by Herbert Haines and by McAllister & Morgan, Inc. Although the check constituted payment for lumber and supplies rendered to Associated Engineering Company by Herbert Haines and McAllister & Morgan, Inc., the transaction was not reflected on the books of Associated Engineering Company. On February 10, 1955 Clarence *61 B. Lenney purchased a cashier's check at The Cortland Savings & Banking Company, which check was charged to the account of Martin W. Gates. The check was payable to G. F. Wise in the amount of $3,000 and was endosed by him. The transaction was reflected on the books of Associated Engineering Company by a credit to the capital account of George F. Wise in the amount of $3,000. On December 21, 1955 Clarence B. Lenney purchased a cashier's check at The Cortland Savings & Banking Company, which check was charged to the account of Martin W. Gates. The check was payable to "A. W. Norton" in the amount of $2,000 and was endorsed "A. W. Norton, for Deposit Only, Associated Engineering Co." The transaction was recorded on the books of Associated Engineering Company by a credit to the capital account of Myrtle C. Lenney. A summary of the foregoing transfers involving the partnership is as follows: Lenney transferred the following amounts to the Associated Engineering Company without consideration and they were credited to the capital account of the partners as follows: George F.
Date
Myrtle Lenney
Wise
4/10/52
$11,209.00
5/29/52
7,000.00
9/ 2/52
1,200.00
3/23/53
$3,400
3/11/54
3,000.00
5/19/54
1,500.00 *
1,500 *
2/10/55
3,000
12/21/55
2,000.00
$25,909.30
$7,900
*62 Lenney transferred the following amounts to the Associated Engineering Company without consideration and without entry of the transaction on the partnership's books: 1/17/53
$ 443.45
12/22/53
3,300.00
1/19/54
750.00
8/ 7/54
900.00
$5,393.45
Phoenix Improvement Company was an Ohio corporation, incorporated on May 6, 1950. All of the shares of the corporation were originally owned by Clarence B. Lenney. Subsequently, in 1950, 50 per cent of the shares of the corporation were acquired by George P. Lenney, cousin of Clarence B. Lenney. Sometime between April 14, 1953 and April 30, 1954 Clarence B. Lenney transferred his shares in Phoenix Improvement Company to Myrtle C. Lenney without consideration. The fair market value of 50 per cent of the stock of Phoenix Improvement Company at all times between April 14, 1953 and April 30, 1954 was $9,630.02. Phoenix Improvement Company filed its Federal income tax returns for the calendar years 1950 and 1951 with the then collector of internal revenue *63 for the eighteenth district of Ohio. It filed its returns for the years 1952, 1953 and 1954 with the district director of internal revenue at Cleveland, Ohio. On June 15, 1954, Phoenix Improvement Company was dissolved and upon dissolution it distributed the sum of $10,971.54 to Myrtle C. Lenney with respect to the 50 shares of stock owned by her. There is due and owing from Phoenix Improvement Company income taxes and additions to tax as follows: Addition
Year
Deficiency
to Tax
1952
$439.84
1953
225.93
1/1/1954 to 6/15/1954
884.01
$1,103.27
The transfers by Clarence B. Lenney to petitioners were part of a plan formulated by Lenney in February 1952 or prior thereto, which had the intention and effect of hindering, delaying and defeating the collection of his income tax. The various transfers were without consideration and Lenney was insolvent after April 1953. Opinion The tax liability of Clarence B. Lenney in the total sum of $38,453.17 is conceded. Petitioners do not argue that the evidence is insufficient to establish petitioners' liability as transferees in some amount. Indeed, the record firmly establishes that in 1952 Lenney embarked *64 on a program of concealing all of his assets, with the intent of defeating the collection of his tax liabilities. He did this by hiding his bank accounts in fictitious names, making false statements to the tax collectors and making transfers to his wife and to the partnership - generally by paying for partnership assets. On one occasion he told a collector "You guys don't ever give up, do you?" and he later added, "You'll chase me all over hell before you collect a nickel of it." We are convinced that all of the transfers made to petitioners by Lenney were in fraud of creditors and they are liable as transferees to the extent thereof. Petitioners' entire argument with respect to the alleged transfers is that the proof fails to establish that some of the items were actually transferred to petitioners. With respect to the transfers by Lenney to the partnership, petitioners argue their liability is limited to the transfers reflected by book entries in the partnership books. We have made a separate table of these transfers. The argument is that those alleged transfers, not reflected on the partnership books (also set forth in a separate table in our findings of fact), were not established. *65 We do not agree. The evidence is clear that these transfers were payments made for goods sold to the partnership. Respondent charged each partner with receiving one-half of these amounts. We hold respondent was correct. Petitioners argue that the $1,200 check dated September 2, 1952 does not represent a transfer to the partnership. The evidence shows that the check was drawn on the "Martin W. Gates" account at The Cortland Savings & Banking Company and was payable to Martin W. Gates, an alias of Clarence B. Lenney. The check was endorsed "Martin W. Gates, Associated Engineering Co., C. B. Lenney." On September 3, 1953 the cash receipts book of the partnership reflects a receipt of $1,200 which was credited to the capital account of Myrtle C. Lenney. The evidence was sufficient to establish the item as a transfer from Lenney to the capital account of his wife in the partnership. Petitioners argue the transfer of $5,000 from Lenney to his wife on February 25, 1952 gave rise to no transferee liability because there is no evidence that it was made without consideration and Lenney was solvent when it was made. We are persuaded that the transfer was without any consideration and it is *66 quite apparent this transfer was one of a series of transfers designed to get property out of Lenney's name. It is true Lenney was not insolvent at the time of this transfer but, in view of our finding that Lenney was following a deliberate program of concealing his assets for the purpose of defeating the collection of the tax liability, that fact is immaterial. Louise Noell, 22 T.C. 1035. Petitioners argue the funds drawn out of the "H. W. Davis" account by Myrtle C. Lenney after Clarence B. Lenney died, should not be considered in determining her transferee liability. That such a withdrawal is a transfer on which transferee liability may be based, see Ethel Hamilton Nau, 27 T.C. 999. Respondent was right in treating the withdrawal as a transfer. Petitioners argue their liabilities should be reduced by alleged retransfers of money to Clarence B. Lenney. This claim is based on a series of checks drawn by Wise on the partnership account and signed by Wise totaling approximately $18,225. Wise explained the checks were drawn to "cash" and that he endorsed them and Lenney got the cash. None of the checks was endorsed by Lenney. The evidence was insufficient *67 to establish the retransfer claim. We hold each petitioner is liable as transferee to the extent of the transfers made to each, as detailed in our findings of fact. Petitioners made no argument that Myrtle C. Lenney is not liable as transferee for the unpaid taxes, additions to tax and interest owed by Phoenix Improvement Company. The tax liability of Phoenix Improvement Company is stipulated and it is admitted the corporation distributed all of its assets to its stockholders, leaving it without means to pay its tax liability. Myrtle C. Lenney, as a stockholder, is liable as transferee to the extent of the value of the assets (conceded to be $9,630.02) distributed to her in the liquidation. Benjamin E. May, 35 B.T.A. 84. Decisions will be entered under Rule 50. Footnotes
1. Respondent has charged petitioner with only $3,400 rather than $3,441.98 because the check was in the amount of $3,400.↩
*. This is the May 19, 1954 check for $3,000 which was credited to the general capital account with the result that $1,500 is to be charged to each partner.↩